# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF TEXAS

ROBERT DONOVAN HARRIS,

    Plaintiff,

v.

ADP SCREENING AND
SELECTION SERVICES, INC.

    Defendant.

CIVIL ACTION NO.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## **PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant ADP Screening and Selection Services, Inc. ("ADP") is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which

- 1 -

is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff Robert Donovan Harris is an adult individual who resides in the State of Texas.

8. Defendant ADP is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. ADP regularly conducts business in the District of Colorado and has a principal place of business located at 301 Remington Street, Fort Collings, CO 80524.

**FACTUAL ALLEGATIONS**

9. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes a false criminal history labeling the Plaintiff as being convicted of manufacturing/possession, and pending offenses for possession of weapon during violent crime, drug trafficking, failure to stop for a blue light, and unlawful carry of a pistol, and personal identifying information.

11. Specifically, the inaccurate information includes, but is not limited to, a felony for manufacturing/possession, a misdemeanor for possession, and pending offenses for possession of weapon during violent crime, drug trafficking, failure to stop for a blue light, and unlawful carry of a pistol, which do not belong to Plaintiff, but instead belongs to another individual with the same or similar name as Plaintiff's.

12. The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person with a a felony for manufacturing/possession, a misdemeanor for possession, and pending offenses for possession of weapon during violent crime, drug trafficking, failure to stop for a blue light, and unlawful carry of a pistol. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having misdemeanors and felonies because it mixed his criminal history with that of another person.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

14. Plaintiff has been delayed in employment opportunities, including but not limited to, employment opportunities with Preventice Services in April 2021. Plaintiff has been informed that the basis for these delays was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for those delays.

15. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed

such procedures it would not have falsely reported misdemeanors and felonies on Plaintiff's consumer report.

16. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMAND**

25. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

|   |   |
|---|---|
| 1 | Respectfully Submitted, |
| 2 | FRANCIS MAILMAN SOUMILAS, PC |
| 3 | BY:   */s/ Joseph L. Gentilcore* |
| 4 |        Joseph L. Gentilcore, Esquire |
|   |        1600 Market Street, Suite 2510 |
| 5 |        Philadelphia, PA 19103 |
|   |        (215) 735-8600 |
| 6 |        jgentilcore@consumerlawfirm.com |
| 7 | Dated: May 20, 2021            ***Attorneys for Plaintiff*** |